## In re ROCKMORE.

(Supreme Court, Appellate Division, First Department. June 24, 1910.)

ATTORNEY AND CLIENT (§ 39*)—DISBARMENT.

An attorney, having embezzled his client's money, and committed perjury by testifying that his clerk took it, will be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 52; Dec. Dig. § 39.*]

In the matter of the application to disbar David W. Rockmore, an attorney. Application granted.

See, also, 130 App. Div. 586, 117 N. Y. Supp. 512.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John Neville Boyle, for petitioner.
Lyman Lewis Settel, for respondent.

PER CURIAM. The respondent was charged with having received from a client $128.27 to deposit as a condition of opening a default in the Municipal Court; that he failed to make such deposit, in consequence of which the defendant's right to retry the case was lost; and that he converted the money to his own use. The respondent's defense was that he received the $128.27, together with a fee of $15, from one Safford, a client; that the said sum of $128.27 was given to a clerk in his employ, with instructions to make the deposit; that the clerk spent the money, but reported to the respondent that he had made the deposit; and that subsequently the clerk restored the money, and it was repaid to the respondent's client. The case was referred to a referee, who, after taking all the testimony, has made his report sustaining the charges against the respondent.

This report substantially convicts the respondent of perjury, as well as embezzlement of his client's money, and, if it is sustained by the evidence, requires that the respondent should be disbarred. The clerk who was charged with having embezzled the money was produced before the referee, and most emphatically denied the fact that he had ever received the money from the respondent, or that he had ever made restitution. The referee in a very full report states the grounds for believing the clerk, and for not believing the respondent. We have examined the testimony, and entirely concur with the referee, and it is unnecessary for us to add anything to his report. The effort of the respondent to relieve himself from responsibility by charging the em-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bezzlement of the money to a clerk who had left his employ, and whom the respondent supposed could not be procured upon the hearing, is of itself an offense which conclusively established that the respondent is not a proper person to continue to be a member of the bar.

We are satisfied that the referee correctly determined the questions submitted to him, and it follows that the application should be granted, and the respondent disbarred.